IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALVIN L. JOHNSON, JR.,

       Plaintiff,

   vs.                           Civil Action 2:13-cv-985
                                      Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## OPINION AND ORDER

This is an action instituted under the provisions of 42 U.S.C. §
405(g) for review of a final decision of the Commissioner of Social
Security denying plaintiff's applications for a period of disability,
disability insurance benefits, and supplemental security income.  This
matter is now before the Court, with the consent of the parties
pursuant to 28 U.S.C. § 636(c), for consideration of *Plaintiff's,
Alvin L. Johnson's, Statement of Errors* ("Statement of Errors"), Doc.
No. 14, the Commissioner's *Opposition to Statement of Errors*, Doc. No.
19, and *Plaintiff's Reply*, Doc. No. 22.

Plaintiff Alvin L. Johnson, Jr., filed his application for a
period of disability and disability insurance benefits on February 5,
2010, and his application for supplemental security income on June 7,
2010, alleging that he has been disabled since August 31, 2009.
*PAGEID* 205-16.  The claim was denied initially and upon
reconsideration, and plaintiff requested a *de novo* hearing before an
administrative law judge.

An administrative hearing was held on November 2, 2011, at which plaintiff, represented by counsel, appeared and testified, as did James Breen, who testified as a vocational expert. *PAGEID* 85. In a decision dated February 14, 2012, the administrative law judge concluded that plaintiff was not disabled from February 5, 2010, through the date of the administrative decision. *PAGEID* 78. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on September 4, 2013. *PAGEID* 47.

Plaintiff was 41 years of age on the date of the administrative decision. *See PAGEID* 78, 212. Plaintiff is insured for disability insurance purposes through September 30, 2015. *PAGEID* 63. Plaintiff has at least a high school education, is able to communicate in English, and has past relevant work as a salvage worker. *PAGEID* 76. He has not engaged in substantial gainful activity since his alleged date of onset of disability. *PAGEID* 63.

## II. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of cervical and lumbar degenerative disc disease status post cervical fusion, depression, anxiety, and pain disorder. *PAGEID* 64. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following exceptions: he is limited to occasional climbing of ramps and stairs, stooping, kneeling, and crouching. He must never climb ladders,

2

ropes, or scaffolds.  He is limited to work without strict
production requirements or changes in the work setting.  It
must require only superficial interaction with coworkers.
He may have no public contact.

*PAGEID* 64-66.  Although this RFC would preclude plaintiff's past

relevant work as a salvage worker, the administrative law judge relied

on the testimony of the vocational expert to find that plaintiff is

nevertheless able to perform a significant number of jobs in the

national economy, including such jobs as electrical accessories

assembler, molding-machine tender, and hand packager.  *PAGEID* 76-77.

Accordingly, the administrative law judge concluded that plaintiff was

not disabled within the meaning of the Social Security Act from August

31, 2009, through the date of the administrative decision.  *PAGEID* 77-

78.

## III. Discussion

Pursuant to 42 U.S.C. § 405(g), judicial review of the

Commissioner's decision is limited to determining whether the findings

of the administrative law judge are supported by substantial evidence

and employed the proper legal standards.  *Richardson v. Perales*, 402

U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595

(6th Cir. 2005).  Substantial evidence is more than a scintilla of

evidence but less than a preponderance; it is such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.

*See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y

of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981).  This

Court does not try the case *de novo*, nor does it resolve conflicts in

the evidence or questions of credibility.  *See Brainard v. Sec'y of*

*Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

Plaintiff argues, *inter alia*, that the administrative law judge erred in evaluating the medical opinion of plaintiff's treating provider John Ellison, D.O. *Statement of Errors*, pp. 11-16. Plaintiff specifically argues that the administrative law judge misapplied the regulations in evaluating Dr. Ellison's opinion and failed to provide good reasons for discounting the doctor's opinion. *Id*.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to evaluate the opinion by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the

medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996)).  This special treatment afforded the opinions of treating providers recognizes that

> "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations."

*Wilson,* 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2)).

Plaintiff has treated with Dr. Ellison since at least November 2006.  *PAGEID* 341-43.  Plaintiff saw Dr. Ellison on December 15, 2009, for neck pain, numbness and tingling down his left arm into his hand and fingers, and intermittent headaches.  *PAGEID* 310.  On examination, Dr. Ellison noted tenderness on palpation along the cervical spine, cervical spine pain with motion, and lumbosacral spine pain with motion.  *Id.*  Dr. Ellison diagnosed neck sprain, cervical

radiculopathy, and depression.  He prescribed pain medication and
ordered an MRI and EMG.  *PAGEID* 310-11.  Plaintiff also treated with
Dr. Ellison for neck and back pain on January 5, January 29, and March
4, 2010.  *PAGEID* 315, 331, 336.

On March 24, 2010, plaintiff underwent an anterior diskectomy and
fusion at C6-C7 performed by Charles E. Shuff, M.D..  *PAGEID* 405-10.

Plaintiff continued to treat with Dr. Ellison after his March
2010 surgery.  *PAGEID* 520 (July 20, 2010), 518 (July 22, 2010), 515
(August 30, 2010), 513 (October 7, 2010).  On October 7, 2010, Dr.
Ellison opined that plaintiff could stand/walk for one to two hours in
an eight-hour workday and sit for two hours in an eight-hour workday.
*PAGEID* 510-11.  According to Dr. Ellison, plaintiff could lift up to
10 pounds occasionally and five pounds frequently, but that the
mechanics of lifting presented a safety issue.  *Id*.  Plaintiff was
extremely limited in his ability to push, pull and bend, markedly
limited in his ability to handle, and moderately limited in his
ability to reach.  *Id*.  Dr. Ellison noted that plaintiff had spine
pain on range of motion and "neck pain, secondary to herniated
cervical disc. prior surgery but still having pain problems
secondary."  *Id*.  Plaintiff also experienced chronic neck and back
pain. Dr. Ellison described plaintiff's health status as poor but
stable.  *Id*.  Dr. Ellison expected plaintiff's functional limitations
to last between nine and 11 months.  *Id*.

The administrative law judge categorized Dr. Ellison as a treating source and summarized the physical limitations found in Dr. Ellison's evaluation, but assigned no weight to the opinion:

> In October 2010, Dr. Ellison, the claimant's primary care physician, completed a form for a state benefit program (Exhibit 19F). He indicated a range of less than sedentary exertion, with several additional moderate to extreme limitations in various functional activities. However, he expected these limitations to last only between 9 and 11 months. The undersigned, therefore, cannot afford this opinion weight at this time. Additionally, the explanation provided appears to have been from a physical therapist or similar position, and it further indicates the claimant's focus on pain medication.

*PAGEID* 75. Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Ellison's medical opinion. *Statement of Errors*, pp. 11-16. This Court agrees.

The administrative law judge discredited Dr. Ellison's opinion regarding plaintiff's functional limitations because Dr. Ellison opined that plaintiff's limitations could be expected to last between nine and 11 months. *See PAGEID* 75. There is, however, no suggestion that Dr. Ellison's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" or that it is "inconsistent with the other substantial evidence in [the] case record." *See* 20 C.F.R. § 404.1527(c)(2). The administrative law judge also did not expressly consider the factors required by *Wilson*. *See Wilson,* 378 F.3d at 544. Moreover, as plaintiff argues, *see Statement of Errors*, pp. 13-14, the fact that Dr. Ellison expected plaintiff's limitations to last only an additional nine to 11 months does not foreclose a finding that those limitations would last for a

7

total of twelve months or more, as required by the Social Security Act.  Finally, the administrative law judge apparently discredited Dr. Ellison's opinion because a portion of the opinion was written by "a physical therapist or similar position;" *see PAGEID* 75; however, it is clear that Dr. Ellison adopted the opinion in its entirety.  *See PAGEID* 511.  The administrative law judge's finding that he "cannot afford [Dr. Ellison's] opinion weight at this time," *PAGEID* 75, is therefore not supported by substantial evidence.  The Court therefore concludes that the matter must be remanded for further consideration of Dr. Ellison's opinion.

Accordingly, the decision of the Commissioner is **REVERSED** pursuant to Sentence 4 of 42 U.S.C. § 405(g) and this action is **REMANDED** for further consideration of the opinion of Dr. Ellison, plaintiff's treating physician.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

October 3, 2014                         *s/Norah McCann King*_____
                                        Norah M^cCann King
                                        United States Magistrate Judge